FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
10/17/2023 09:58 AM
CV 2023 05 1049

COURT OF COMMON PLEAS
CIVIL DIVISION
BUTLER COUNTY, OHIO

| | |
|---|---|
| **PATRICK GALLAGHER**<br>**3446 LAKEBROOK COURT**<br>**HAMILTON, OHIO 45011**<br><br>Plaintiff,<br><br>-vs.-<br><br>**AMERICAN STRATEGIC INSURANCE CORP**<br>**1 ASI WAY**<br>**ST. PETERSBURG, FLORIDA 33702**<br>Please Serve:<br>American Strategic Insurance Corp<br>c/o Chief Financial Officer<br>200 East Gaines Street<br>Tallahassee, Florida 32399<br><br>Defendant. | Case No: CV 2023 05 1049<br>[Judge Noah E. Powers]<br><br><br><br>**FIRST AMENDED COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES Plaintiff, Patrick Gallagher,** by and through undersigned counsel, and states his **First Amended Complaint** against the named Defendant, as follows:

## I. The Parties

**1.** Plaintiff, Patrick Gallagher, ["Plaintiff"] resides at 3446 Lakebrook Court, in Hamilton, Butler County, Ohio 45011 ["the subject property"] and has so resided during all relevant times herein.

**2.** Plaintiff had insured his property through the Defendant, American Strategic Insurance Corp [hereinafter, "ASI" or "Defendant"].

**3.** This case arises from, *inter alia*, the negligent and/or willful failure of the Defendant to fully, adequately and timely indemnify the Plaintiff for his covered loss, which occurred on or about **February 16, 2023.**

**4.** Defendant, American Strategic Insurance Corp is a Florida-based insurance company, which issued a homeowner's insurance policy contract to the Plaintiff, which was in full force and effect at the time of the subject loss. Defendant conducts substantial business within Butler County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the subject insurance policy is not attached because it is in the possession, custody or control of the aforementioned Defendant.

## II. Jurisdiction and Venue

**5.** Jurisdiction is properly invoked in the Butler County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Butler County, Ohio.

**6.** Venue is proper in Butler County, Ohio, as the subject property is in said county, the material events of the subject loss occurred in said county and the Defendant conducts substantial business within Butler County, Ohio.

### III. Statement of Facts

**7.** The subject property, a single-family dwelling located at 3446 Lakebrook Court, in Hamilton, Butler County, Ohio 45011, was (and still is) owned by the Plaintiff and is his primary residence.

**8.** On or about February 16, 2023, Plaintiff suffered a substantial windstorm loss to, *inter alia*, the roof of his home.

**9.** Plaintiff promptly notified Defendant of the occurrence on or about **February 16, 2023,** and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim, under the subject Progressive insurance policy, which was in full force and effect on the date of the subject loss.

**10.** Plaintiff duly reported the loss and fully cooperated with Defendant following the subject windstorm loss. Defendant failed to conduct a reasonable investigation of the loss.

**11.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or interior and/or loss of use and/or additional damages at the subject property.

**12.** Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith and/or made an inadequate, partial payment for

the loss and/or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiff for his covered loss.

**13.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for his property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**14.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirteen (1-13), with the same force and effect, as though fully rewritten herein.

**15.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject windstorm loss and to adequately indemnify Plaintiff for his substantial covered loss.

**16.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**17.** Defendant breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

   **(a)** failing to promptly and reasonably adjust and pay the Plaintiff's claim;
   **(b)** failing to establish a reasonable justification for the denial of the Plaintiff's claim;
   **(c)** taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

**(d)** failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

**(e)** failing to properly analyze the cause of the loss and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the loss in its possession;

**(g)** failing to properly review the available evidence related to the loss;

**(h)** failing to perform a good faith analysis of the loss;

**(i)** failing to prepare a good faith estimate of damages caused by the loss;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for his losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

**18.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an

amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**19.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

**20.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19), with the same force and effect, as though fully rewritten herein.

**21.** As an insurer, Defendant and its management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**22.** Defendant's wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

**23.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**24.** The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Patrick Gallagher, by and through counsel, demands the following relief:

**A.** Judgment against Defendant, **American Strategic Insurance Corp,** for the full value of the losses and damages sustained by the Plaintiff, which were caused by the subject loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against Defendant, **American Strategic Insurance Corp,** for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Shawn R. Ryan, Esq.*
**Shawn R. Ryan, Esq.  [0042267]**
Trial Attorney for Plaintiff
LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
PH: (513) 444-4444 Ext. 171
FX: (513) 721-5557
EM: sryan@maislinlaw.com

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Shawn R. Ryan, Esq.*
**Shawn R. Ryan, Esq.  [0042267]**
Trial Attorney for Plaintiff
LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
PH: (513) 444-4444 Ext. 171
FX: (513) 721-5557
EM: sryan@maislinlaw.com

### INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and First Amended Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Shawn R. Ryan, Esq.*
**Shawn R. Ryan, Esq.  [0042267]**
Trial Attorney for Plaintiff
LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
PH: (513) 444-4444 Ext. 171
FX: (513) 721-5557
EM: sryan@maislinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing **First Amended Complaint**, through the Clerk of Courts electronic filing system, and that all registered users will be electronically notified of its filing; further, I certify that I have served a true and accurate copy of the foregoing upon the following counsel of record, on this 17t[h] day of October, 2023:

Kurt D. Meyer, Esq. (0087580)
Gregory, Meyer & Chapnick, P.C.
340 East Big Beaver, Suite 520
Troy, Michigan 48083
PH: (248) 689-3920
FX: (248) 689-4560
EM: kmeyer@gregorylaw.com

*Attorney for Defendant, American Strategic Insurance Corp*

*/s/ Shawn R. Ryan, Esq.*
**Shawn R. Ryan, Esq. [0042267]**
Trial Attorney for Plaintiff
LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
PH: (513) 444-4444 Ext. 171
FX: (513) 721-5557
EM: sryan@maislinlaw.com

**Exhibit 2**

# 2021 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# P97000071536

**Entity Name:** AMERICAN STRATEGIC INSURANCE CORP.

**FILED**
Mar 19, 2021
Secretary of State
0299367084CC

**Current Principal Place of Business:**

1 ASI WAY
ST PETERSBURG, FL 33702

**Current Mailing Address:**

1 ASI WAY
ST PETERSBURG, FL 33702 US

**FEI Number:** 59-3459912

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CORPORATE CREATIONS NETWORK INC.
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

Electronic Signature of Registered Agent                                        Date

## Officer/Director Detail :

| | | | | |
|---|---|---|---|---|
| Title | PRESIDENT, CEO, DIRECTOR | | Title | TREASURER |
| Name | PRATT, DAVID LLOYD | | Name | PLESS, GARRETT |
| Address | 1 ASI WAY | | Address | 1 ASI WAY |
| City-State-Zip: | ST PETERSBURG FL 33702 | | City-State-Zip: | ST PETERSBURG FL 33702 |
| Title | VP, SECRETARY | | Title | VP, DIRECTOR |
| Name | SUNDBERG, KATHLEEN | | Name | FJARE, TANYA JUDITH |
| Address | 1 ASI WAY | | Address | 1 ASI WAY |
| City-State-Zip: | ST PETERSBURG FL 33702 | | City-State-Zip: | ST PETERSBURG FL 33702 |
| Title | VP | | Title | VP |
| Name | BATES, SHERRI | | Name | MCCRINK, PATRICK THOMAS |
| Address | 1 ASI WAY | | Address | 1 ASI WAY |
| City-State-Zip: | ST PETERSBURG FL 33702 | | City-State-Zip: | ST PETERSBURG FL 33702 |
| Title | DIRECTOR | | | |
| Name | O'NUALLAIN, KELLIE A. | | | |
| Address | 1 ASI WAY | | | |
| City-State-Zip: | ST PETERSBURG FL 33702 | | | |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: KATHLEEN SUNDBERG            SECRETARY, BY LAUREN    03/19/2021
                                         DUEMIG, ATTORNEY-IN-
                                         FACT

Electronic Signature of Signing Officer/Director Detail                              Date